James T. Scime
Lipsitz Green Scime Cambria LLP
47 Delaware Avenue, #120
Buffalo, NY 14202
(716) 849-1333
jscime@lglaw.com

Melissa D. Wischerath
Lipsitz Green Scime Cambria LLP
47 Delaware Avenue, #120
Buffalo, NY 14202
(716) 849-1333
mwischerath@lglaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL W. MILLER,<br>**Plaintiff,**<br>v.<br><br>SPORTSMAN'S GUIDE, LLC f/k/a THE SPORTSMAN'S GUIDE, INC., and DIRECT OUTDOOR PRODUCTS, LLC.<br><br>**Defendants.** | Case No.: 1:20-cv-00271-LJV-MJR<br><br>**PLAINTIFF'S AMENDED COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

### JURISDICTION AND VENUE

1.	This action was removed to this court by Defendant, Sportsman's Guide, on March 10, 2020.

2.	This court has jurisdiction over this action pursuant to 28 USC §1332(a)(2) based on diversity of citizenship and since the named defendants, are not

Page | 1 Plaintiff's Amended Complaint

citizens or residents of the State of New York, the action was removed pursuant to 28 U.S.C. §1441(a).

3.        Plaintiff is domiciled in this District, and a substantial portion of the acts giving rise to this action occurred in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.        The plaintiff, Daniel W. Miller, at all times hereinafter mentioned, was and still is a resident of West Seneca located within the County of Erie and the State of New York.

5.        Upon information and belief, at all times hereinafter mentioned, the defendant, the Sportsman's Guide, LLC, f/k/a The Sportsman's Guide, Inc., was and still is a foreign corporation incorporated and maintaining its principle place of business in the State of Minnesota. Said defendant is hereinafter referred to as the defendant, "Sportsman's Guide."

6.        Upon information and belief, at all times herein mentioned, the defendant, Sportsman's Guide, was and still is doing and transacting business within the State of New York.

7.        Defendant Direct Outdoor Products, LLC, was and still is a foreign corporation incorporated and maintaining its principle place of business in the State of Texas. Said defendant is hereinafter referred to as the defendant, "Direct Outdoor Products."

8.        Upon information and belief, at all times herein mentioned, the defendant, Direct Outdoor Products, was and still is doing and transacting business

within the State of New York.

## FACTUAL ALLEGATIONS

9. On or about the 23rd day of September, 2018, Plaintiff, Daniel W. Miller, was using and removing the Sportsman's Guide Gear 20' Climbing Stick when it and/or its component parts broke causing plaintiff to fall to the ground below and sustain serious personal injuries, hereinafter at times "the Product."

10. Upon information and belief, at all times hereinafter mentioned, Defendant, the Sportsman's Guide, by its, servants and/or employees, manufactured, designed, assembled and/or placed on the market the said climbing stick and/or its component parts.

11. Upon information and belief, at all times hereinafter mentioned, Defendant, the Direct Outdoor Product, by its, servants and/or employees, manufactured, designed, assembled and/or placed on the market the said climbing stick and/or its component parts.

12. Upon information and belief, at all times herein mentioned, the product lacked the following proper warnings:

- The product failed to properly warn a user how to remove the product;

- The product failed to properly warn that the stick could break during removal;

- The product failed to properly warn of the dangers, risks, and/or possibility of a stick breaking during its removal;

- The product should have explicitly warned a user the following:

    1) "Use a climbing harness and linemen's belt even when installing and removing the climbing stick";

    2) "Climbing stick may fail if not used with a climbing harness and linemen's belt";

    3) "Only remove stick sections while maintaining 3 points of contact on attached stick segments."

**AS FOR THE FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, ABOVE NAMED, THE PLAINTIFF, DANIEL W. MILLER, ALLEGES:**

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "12" of this Complaint with the same force and effect as if fully set forth at length.

14. Upon information and belief, at all times hereinafter mentioned, the Defendants, Sportsman's Guide and/or Direct Outdoor Products, LLC by its, servants and/or employees, manufactured, designed, assembled and/or placed on the market the said climbing stick and/or its component parts.

15. The product, as designed, posed a substantial likelihood of harm.

16. It was feasible for the Defendants, Sportsman's Guide and/or Direct Outdoor Products, LLC, to design the product in a safer manner.

17. The defective design was a substantial factor in causing plaintiff's injury.

18. Plaintiff further alleges that there was an economically and technically feasible alternative design available at the time the product was manufactured.

19. Upon information and belief, the aforesaid incident and resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of Defendants, Sportsman's Guide and/or Direct Outdoor Products, LLC, by its agents, servants and/or employees in the design, manufacture and/or assembly of the aforesaid climbing stick and/or its component parts and/or in placing the dangerous, defective and hazardous climbing stick and its component parts on the market.

20. As a result of the alleged incident, Plaintiff, Daniel W. Miller, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital, bed and home; was caused to and did incur great medical expense and may incur further medical expense; was caused to be incapacitated from his usual activities and employment, and may be further incapacitated.

21. This action falls within one or more of the exceptions set forth in CPLR § 1602.

22. As a result of the foregoing, Plaintiff sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE ABOVE NAMED DEFENDANTS

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint with the same force and effect as if fully set forth at length.

24. Upon information and belief, Defendants, Sportsman's Guide and/or Direct Outdoor Products, LLC, by its agents, servants and/or employees, manufactured, designed, assembled and placed on the market the aforesaid climbing stick and/or its component parts.

25. Upon information and belief, the aforesaid climbing stick and/or its component parts were defectively designed, manufactured and/or assembled and were not reasonably safe when Defendants, Sportsman's Guide and/or Direct Outdoor Products, LLC, placed the climbing stick and/or its component parts on the market.

26. The incident herein before described and the resultant injuries were caused as a result of the defective and hazardous conditions of the said climbing stick and/or its component parts, and Plaintiff claims damages against Defendants, under the doctrine of strict products liability.

27. As a result of the foregoing, Plaintiff sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

///

///

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE ABOVE NAMED DEFENDANTS

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" of this Complaint with the same force and effect as if fully set forth at length.

29. That upon the sale of the climbing stick and/or its component parts, Defendants, Sportsman's Guide and/or Direct Outdoor Products, LLC, understood and had knowledge of the buyer's purpose as intending the product to be used as a method to ascend and descend trees for hunting purposes, including the removal of the product.

30. That Defendants, being aware of this purpose, explicitly and/or impliedly warranted to reasonably foreseeable users of the product, and ultimately to Plaintiff, that it was safe, of merchantable quality, free from defects and fit for the use intended.

31. That upon the sale and/or distribution of the climbing stick and/or its component parts, Defendants, Sportsman's Guide and/or Direct Outdoor Products, LLC, warranted to all reasonably foreseeable users of the aforesaid climbing stick and/or its component parts that it was safe, of merchantable quality, free from defects and fit for the use intended.

32. That in choosing and using the climbing stick and/or its component parts, Plaintiff relied on the skill and judgment of Defendants' express and/or implied warranties as described above.

33. That Defendants breached these warranties by providing a product that was unsafe, not of merchantable quality, defective and inherently dangerous and unfit for the use intended.

34. These breaches of warranties were a proximate cause of the injuries to Plaintiff.

35. As a result of the foregoing, Plaintiff sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THE ABOVE NAMED DEFENDANTS

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" of the Complaint with the same force and effect as if fully set forth at length.

37. The defendants manufactured, marketed, and placed in the stream of commerce the injury-causing defective product.

38. Plaintiff alleges that the product, as designed, posed a substantial likelihood of harm; that it was feasible for the defendants to design the product in a safer manner; and that the defective design was a substantial factor in causing plaintiff's injury.

39. Plaintiff alleges that the product, was defective because of a mistake in the manufacturing process and/or, because of an improper design, and/ or because the manufacturer failed to provide adequate warnings regarding the use of the product; and that the defective and inadequate design, manufacturing, and warnings were a substantial factor in causing plaintiff's injury.

40. Plaintiff further alleges that there was an economically and technically

feasible alternative design available at the time the product was manufactured.

41. Upon information and belief, the defendants by its agents, servants and/or employees, designed, manufactured, assembled and/or placed on the market the aforesaid product.

42. Upon information and belief, the aforesaid product was defectively designed, manufactured, and/or assembled and was in a defective and hazardous condition when the defendants placed the subject climbing stick on the market.

43. The incident hereinbefore described and the resultant injuries were caused as a result of the defective and hazardous conditions of the said product, and the plaintiff claims damages against the defendants, under the doctrine of strict products liability.

44. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

45. Plaintiff alleges that the Defendants had a duty to warn against dangers resulting from foreseeable uses about which it knew or should have known, and that failure to do so was the proximate cause of the harm.

46. Plaintiff allege that the warnings Defendants gave to users were inadequate. The warnings accompanying the product did not disclose the risk of a stick failing during removal that may result in an increased risk of injury to a user, nor did it warn of the danger associated with removal of the product, nor did it properly warn of how to remove the climbing stick, nor properly warn that the stick could break during removal and the dangers, risks, and/or possibility of a stick breaking during its removal.

47. Plaintiff alleges the product should have explicitly warned a user the following: 1) "Use a climbing harness and linemen's belt even when installing and removing the climbing stick" and/or 2) "Climbing stick may fail if not used with a climbing harness and linemen's belt" and/or 3) "Only remove stick sections while maintaining 3 points of contact on attached stick segment."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

48. The Plaintiff demands judgment against the defendants in the First, Second, Third, and Fourth Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of the action.

49. All such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of September, 2020.

/s/ Melissa D. Wischerath
Melissa D. Wischerath, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, #120
Buffalo, NY 14202
mwischerath@lglaw.com