UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL W. MILLER,

        Plaintiff,

    v.                                  20-CV-271-LJV-MJR
                                         DECISION & ORDER

SPORTSMAN'S GUIDE, LLC, *et al.*,

        Defendants.

---

On January 27, 2020, the plaintiff, Daniel W. Miller, commenced this products liability action under New York State law.[1]  Docket Item 1-1.  On April 6, 2020, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 7.  On March 30, 2023, the defendants moved for summary judgment on all of Miller's claims.  Docket

---

[1] Miller filed this case in New York State Supreme Court, Erie County, against Sportsman's Guide, LLC ("Sportsman's); Outdoor Technology Group, LLC; and Mainstream Holdings, Inc.  Docket Item 1-1.  On March 5, 2020, Sportsman's removed the case to this Court based on diversity of citizenship.  Docket Item 1 at ¶¶ 4-7, 12 (noting that Miller is a citizen of New York, the three named defendants are citizens of Minnesota, and "the amount in controversy exceeds $75,000"); *see* 28 U.S.C. § 1332(a) (providing that "[t]he district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates"); *id.* § 1441 (providing for removal of "civil action[s] brought in a [s]tate court of which the district courts of the United States have original jurisdiction" under section 1332).

After Sportsman's—then the only answering defendant, *see* Docket Item 2—and Miller filed a joint stipulation of dismissal, Docket Item 12, the Court dismissed Outdoor Technology Group, LLC, and Mainstream Holdings, Inc., from this action, *see* Docket Item 13.  Miller then filed an amended complaint based on the same alleged incident against Sportsman's and Direct Outdoor Products, LLC ("the defendants").  Docket Item 14.  Because Direct Outdoor Products, LLC, is a citizen of Texas, *id.* at ¶ 7; Docket Item 17 at ¶ 7, the Court retains diversity jurisdiction over this action.

Item 49.  They also filed a motion in limine to "exclude the opinions of [Miller's expert] Irving Ojalvo" under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Docket Item 50.  Miller then cross-moved to "strike and/or preclude [the] defendants' expert witnesses," George M. Saunders, Jr., and Lorne Smith, from testifying, Docket Item 53; *see* Docket Item 53-1, and both sides briefed those three motions, *see* Docket Items 52, 54-57, 59-61.

On March 28, 2024, Judge Roemer issued a Report and Recommendation ("R&R") recommending that the defendants' motion for summary judgment be granted in part and denied in part[2] and that the defendants' motion to preclude the testimony of Miller's expert and Miller's cross-motion to preclude the testimony of the defendants' experts both be denied.[3]  Docket Item 66.  The parties did not object to the R&R, and the time to do so now has expired.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party

---

[2] More specifically, Judge Roemer found that the defendants' motion should be granted as to Miller's "manufacturing defect" and "breach of warranty" claims based on Miller's concession that those claims should be dismissed.  Docket Item 66 at 25 (citing Docket Item 52 at 1).  Judge Roemer also recommended granting the defendants' motion for summary judgment as to Miller's request for punitive damages based on Miller's failure to submit evidence that the defendants "acted intentionally or with conscious disregard of the safety of their customers."  *Id.* at 40.  But Judge Roemer found that "genuine issues of material fact" preclude the Court from granting summary judgment "on [Miller's] products liability claims of design defect and failure to warn."  *Id.* at 40; *see also id.* at 25-39.

[3] Although he recommended denying both motions to preclude, Judge Roemer left the determination of certain "context-specific questions" about the admission of particular "statements and testimony" to the determination of this Court during trial.  *See, e.g.*, Docket Item 66 at 23.

objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has carefully reviewed Judge Roemer's thorough and well-reasoned R&R.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation in its entirety.

For the reasons stated above and in the R&R, the defendants' motion for summary judgment, Docket Item 49, is GRANTED IN PART and DENIED IN PART as noted above; the defendants' motion to preclude the testimony of Miller's expert, Docket Item 50, is DENIED; and Miller's cross-motion to preclude the testimony of the defendants' experts, Docket Item 53, also is DENIED.  The parties shall contact the Court within 30 days of the date of this order to schedule a status conference to set a trial date.

SO ORDERED.

Dated:	April 18, 2024
	Buffalo, New York

	 */s/ Lawrence J. Vilardo*
	LAWRENCE J. VILARDO
	UNITED STATES DISTRICT JUDGE